

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-7-2008

# USA v. Cooley

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3282

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Cooley" (2008). *2008 Decisions*. Paper 399.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/399

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-3282

———————

UNITED STATES OF AMERICA,

v.

RONALD COOLEY
a/k/a NICOLA GAMBINO
a/k/a WILLIAM J. CONNERS
a/k/a WILLIAM MCKENZIE
a/k/a RIGONALDO DIMELLEO
a/k/a RIGONALDO DAMELLEO
a/k/a RIGONALDO DEMELIO
a/k/a RONALDO DEMELIO
a/k/a RONALD DEMELIO
a/k/a WILLIAM J. CONNORS

Ronald Cooley,

Appellant.

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 99-cr-00018-1)
District Judge: David Stewart Cercone

———————

Submitted Under Third Circuit LAR 34.1(a)
October 2, 2008

Before: FISHER, CHAGARES and HARDIMAN, *Circuit Judges*.

(Filed: October 7, 2008)

———————

OPINION OF THE COURT

HARDIMAN, *Circuit Judge*.

Ronald Cooley appeals an order of the District Court that revoked his term of supervised release and sentenced him to 36 months in prison, to be served consecutively to any undischarged term of imprisonment that Cooley was serving. We will affirm.

I.

Because we write exclusively for the parties, we recount only those facts essential to our decision.

Cooley raises one argument on appeal: the District Court erred in believing that it was required to run the 36-month sentence consecutively. In support of this claim, Cooley focuses myopically on one portion of the transcript at which the District Judge stated: "How about if it's reversed? You're asking me to consider a sentence that may be reversed." At pages 12 and 16 of his brief, Cooley argues that the foregoing statement refers to the sentence the District Court was imposing for violations of his conditions of supervised release. Cooley asserts that the District Court erroneously believed that a consecutive sentence was mandatory.

To put it kindly, Cooley's argument mischaracterizes the record. As the Government points out at page 21 of its brief, when the District Court made the statement regarding reversal, it was referring to Cooley's 72-month federal sentence in a separate case. This statement was in response to Cooley's argument that he was entitled to

leniency on his supervised release violation in light of the lengthy term of imprisonment that had been imposed upon him in a separate case. Moreover, the record is devoid of any evidence to suggest that the sentencing judge was unaware of the Supreme Court's landmark decision in *United States v. Booker*, 543 U.S. 220 (2005), which rendered the Sentencing Guidelines advisory. The record demonstrates that the District Court considered the arguments of counsel for both sides and, in the exercise of its sound discretion, determined that Cooley's "lengthy history of violent criminal conduct" warranted a consecutive sentence.

In sum, because Cooley's sole argument is premised upon a fallacy and the imposition of a consecutive sentence was reasonable, we will affirm the order of the District Court.